139 F.3d 910
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
WILLSHIRE TERRACE CORPORATION, Plaintiff-Appellee,
v.
Joan Godwin PIERSON, individually and as former Trustee of
the Joan Godwin Pierson Living Trust, Defendant-Appellant.
 No. 97-55645.
D.C. No. CV-97-01576-R
 United States Court of Appeals, Ninth Circuit.
 Decided Feb. 23, 1998.
Submitted February 9, 1998.**
 
 Appeal from the United States District Court Central District of California Manuel L. Real, Chief Judge Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Joan Godwin Pierson appeals pro se from the district court's award of $880 in attorneys fees in favor of Wilshire Terrace under 28 U.S.C. § 1447(c). The district court's award of fees followed its remand of Pierson's petition on the basis that her petition for removal was not timely filed and that there was no basis for federal subject matter jurisdiction over Wilshire Terrace's action for breach of a residential property lease.
 
 
 3
 We review the district court's award of attorneys fees and costs under 28 U.S.C. § 1447(c) for abuse of discretion. See Moore v. Permanente Med. Group, Inc., 981 F.2d 443, 447 (9th Cir.1992). "An order remanding the case may require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). An award of fees is inappropriate where the defendant's attempt to remove the case to the federal court was fairly supportable. Schmitt v. Insurance Co., 845 F.2d 1546, 1552 (9th Cir.1988).
 
 
 4
 Pierson brought this removal petition over three years after Wilshire Terrace commenced the lawsuit, and after numerous adverse rulings from the California trial and appellate courts. Because the removal petition was not filed in a timely fashion, see 28 U.S.C. § 1446(b), and Pierson failed to offer a legitimate basis for federal subject matter jurisdiction, the district court did not abuse its discretion by awarding fees to Wilshire Terrace when it remanded the action to state court. See Moore, 981 F.2d at 447.[1]
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4. Accordingly, Pierson's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Pierson's petition "for writ of constitutionally guaranteed protection of equal rights and due process under the law, her request for judicial notice are denied